805 F.2d 393
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul HAWKINS, Plaintiff-Appellant,
v.
Leslie DORSEY, Warden; Patricia Schupple, Assistant Warden;
Mr. Lawrence Carpenter; J. Pequese, Sergeant, Wing Sgt. of
South Wing; Commissioner, ______; Cpl. Vernon Coit,
Officer John Doe I; Officer K. Townes, Officer John Doe II,
Defendants-Appellees.
 No. 86-7222.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 17, 1986.
Decided Nov. 20, 1986.
 
 Paul Hawkins, appellant pro se.
 Stephen H. Sachs, Attorney General, Glenn W. Bell, Office of the Attorney General, for appellees.
 D.Md.
 DISMISSED.
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, District Judge. (C/A No. 86-307)
 Before PHILLIPS and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In January 1986, Paul Hawkins, a Maryland inmate, filed a complaint alleging that his constitutional rights had been violated in an assault committed by another prisoner. Hawkins claimed that the defendants, including several correctional officers and officials, negligently allowed the attack to occur. At the time he filed his complaint, Hawkins was not aware of the identities of several of the officers and therefore was unable to effect service on them.
 
 
 2
 On May 27, 1986, the magistrate issued his report which recommended that the case be dismissed. On June 9, 1986, after the identities of the unknown officers were determined, summons were reissued as to those defendants, and service was effected on one defendant on June 23, 1986. On June 19, 1986, the district court adopted the report and recommendation of the magistrate and dismissed the case. After learning of the service of the summons, the district court ordered that the case be reopened and referred back to the magistrate for "resolution of all dispositive matters." Subsequently, Hawkins appealed.
 
 
 3
 Under 28 U.S.C. Sec. 1291, this Court only has jurisdiction to review final decisions of the district court. A final decision disposes of all issues in dispute as to all parties. "Federal appellate jurisdiction generally depends on the existence of a decision by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). The record before us indicates that final judgment has not yet been entered.
 
 
 4
 Even if this Court were to find that the district court's decision was final as to all but the unknown defendants, this Court would still lack jurisdiction to hear this appeal. Fed.R.Civ.P. 54(b) indicates that for the district court's order to be considered final in cases involving multiple claims or multiple parties, the district court must make "an express determination that there is no just reason for delay and ... an express direction for the entry of judgment."
 
 
 5
 Accordingly, we dismiss this appeal for lack of jurisdiction. This dismissal is without prejudice to the noting of an appeal after entry of judgment in the reopened case. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.